# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: A.G. & N.G.**

**No. 15-0147** (Morgan County 14-JA-8 & 14-JA-9)

**FILED**

May 18, 2015
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

The guardian ad litem ("guardian") for A.G. and N.G., Margaret Gordon, appeals the Circuit Court of Morgan County's February 5, 2015, order denying her motion to modify the dispositional order in this abuse and neglect proceeding.[1] The children's maternal grandmother, by counsel Michael Donadieu, filed a response in support of the guardian's appeal. Respondent Mother J.G.-1, by counsel Randy Miller, filed a response in support of the guardian's appeal. The mother's live-in boyfriend K.R., by counsel Nicholas Colvin, also filed a response in support of the guardian's appeal. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, also filed a response in support of the guardian's appeal. Respondent Father J.G.-2, by counsel R. Steven Redding, filed a response in opposition of the guardian's appeal.[2] The guardian filed a reply. On appeal, the guardian argues that the circuit court erred in denying her motion to modify the dispositional order without holding a proper evidentiary hearing in accordance with Rule 46 of the Rules of Procedure for Child Abuse and Neglect Proceedings.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the circuit court did not comply with the requirements of Rule 46 of the West Virginia Rules of Procedure for Abuse and Neglect Proceedings by failing to hold a proper evidentiary hearing on the guardian's motion to modify the dispositional order. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

In May of 2014, the DHHR filed an amended abuse and neglect petition against J.G.-1, J.G.-2 and K.R. alleging that J.G.-1 and K.R. committed domestic violence in the presence of the children and that J.G-1. failed to protect the children.[3] Thereafter, J.G.-1 and K.R. admitted to

---

[1] The circuit court also denied several other motions including the guardian's motion for an expert evaluation and notice of intent to offer testimony.

[2] Because the biological parents in this case have the same initials, J.G., we have distinguished each of them using numbers 1 and 2 after their initials in this memorandum decision.

[3] J.G.-2 is only the father of A.G. and N.G. J.G.-1 and K.R. lived together and they had three children who are not subject to this appeal.

1

certain allegations as contained in the petition for abuse and neglect and were granted a post-adjudicatory improvement period. By order entered November 24, 2014, the circuit court found that J.G.-1 and K.R. successfully completed their improvement periods and were dismissed from the case. The circuit court also granted J.G.-1 and J.G.-2 shared legal custody of the children.[4]

In December of 2014, the children disclosed to the guardian that they were afraid to visit J.G.-2 because his girlfriend threatened to hit them with a board. N.G. also disclosed that he witnessed J.G.-2's girlfriend hit another child with a board.[5] Accordingly, the guardian filed several motions including an ex parte motion to modify the dispositional order, a notice of intent to offer testimony, and a motion for an expert sexual abuse evaluation. Prior to the hearing on the guardian's motions, A.G. disclosed to the guardian that she was "uncomfortable" around J.G.-2 and described recent incidents of alleged sexual abuse by J.G.-2. By order entered February 5, 2015, the circuit court denied the guardian's various motions without allowing the guardian to present any evidence in support of her motions. It is from this order that the guardian appeals.

This Court has held that:

> "Where it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children [alleged] to be abused or neglected has been substantially disregarded or frustrated, the resulting order . . . will be vacated and the case remanded for compliance with that process and entry of an appropriate . . . order." Syllabus point 5, in part, *In re Edward B.*, 210 W.Va. 621, 558 S.E.2d 620 (2001).

Syl. Pt. 3, *In re Emily G.*, 224 W.Va. 390, 686 S.E.2d 41 (2009).

Upon review, we find that the circuit court erred in failing to hold a proper hearing on the guardian's motion to modify the dispositional order. Pursuant to Rule 46 of the Rules of Procedure for Child Abuse and Neglect Proceedings, "[t]he court shall conduct a hearing and, upon a showing of a material change of circumstances, may modify . . . the order if, by clear and convincing evidence, it is in the best interest of the child." Furthermore, Rule 6 states that "[t]he [circuit] court retains exclusive jurisdiction over placement of the child while the case is pending, as well as over any subsequent requests for modification, including, but not limited to, changes in permanent placement or visitation . . . ." In the case before us, the circuit court failed to conduct a proper hearing to such an extent that the circuit court solely reviewed the DHHR's safety assessment.[6] The circuit court denied the guardian the opportunity to present any evidence in support of her motions regarding the new allegations of sexual abuse or that there was a

---

[4]In the petition for abuse and neglect, J.G.-2 acknowledged that there was not a prior custody agreement and that he "rarely" saw his children.

[5]The DHHR conducted a safety assessment based upon these allegations. The allegations were not substantiated.

[6]In the underlying proceedings, the DHHR opposed the guardian's motions. On appeal, the DHHR now states that the guardian is entitled to a full hearing on the merits of her motions.

material change in circumstance. For these reasons, the requirements of Rule 46 and West Virginia Code § 49-6-2(c) have been "substantially disregarded or frustrated."

For the foregoing reasons, the Court vacates the circuit court's February 5, 2015, order denying the guardian's various motions, and remands the matter for further proceedings in compliance with Rule 46 West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings and West Virginia Code § 49-6-2(c).

The Clerk is directed to issue the mandate forthwith.

Vacated and Remanded with Directions.

**ISSUED:** May 18, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**

Justice Menis E. Ketchum